**KANISCHER v. KAPLAN et al.**
**Civ. A. No. 3926.**

United States District Court
S. D. Florida, Miami Division.
Feb. 1954.

VonZamft, Simon & Lake, Miami, Fla., Jacob Rassner, New York City, for plaintiff.

Knight, Smith & Underwood, Dixon, DeJarnette & Bradford, Miami, Fla., for defendants.

WYCHE, District Judge. (Sitting by designation)

This cause came on for trial before the undersigned Judge and a Jury. At the conclusion of plaintiff's case, the defendant Irwin Operating Co. moved the Court to direct a verdict in favor of the defendant, or, in the alternative, to dismiss the cause for lack of jurisdiction.

This is an action under the Jones Act, 46 U.S.C.A. § 688, brought by an employee against his employer, contending that he was injured while on a fishing trip aboard the boat Jo Ann, due to the negligence of one Joseph Kaplan, who was the sole owner and in possession and control of the boat at the time of the accident. There is no evidence to show that there was any connection between the defendant Irwin Operating Co. and the operation of the boat Jo Ann or that Kaplan was operating the same as the agent, servant or employee of this defendant or otherwise. It follows, therefore, that this action cannot be maintained under the Jones Act, as it has not been made to appear that the defendant was either the owner or the owner pro hac vice of the boat at the time of the accident. Fink v. Shepard Steamship Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709; Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692; Gerradin v. United Fruit Co., 2 Cir., 60 F.2d 927. It is unneces-

sary to rule on the other grounds assigned in support of the motion.

Accordingly, it is Ordered and Adjudged that this action be and the same is hereby dismissed as to the defendant Irwin Operating Co., for lack of jurisdiction, and said defendant go hence without day, together with its costs to be taxed by this Court.